UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.:

ANTHONY PFORR,

     Plaintiff,

vs.

PARVATI LODGING, LLC, a Florida limited liability
company d/b/a CLARION INN; PALI HOSPITALITY,
LLC d/b/a EXTENDED STAY PENSACOLA; PSP
HOSPITALITY, LLC d/b/a REGENCY INN & SUITES
JAY PATEL, NARESH PATEL, ELABEN PATEL
and KANDACE PATEL,

     Defendants.

_____/

**<u>COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED</u>**

Plaintiff, ANTHONY PFORR, ("PFORR"), file this, his Complaint for Damages against

Defendants, PARVATI LODGING, LLC, a Florida limited liability company d/b/a CLARION

INN, (hereinafter "PARVATI"); PALI HOSPITALITY, LLC, a Florida limited liability company

d/b/a EXTENDED STAY PENSACOLA, (hereinafter, "PALI"); PSP HOSPITALITY, LLC, a

Florida limited liability company d/b/a REGENCY INN & SUITES, (hereinafter, "PSP"); JAY

PATEL, (hereinafter "J. PATEL"); ELABEN PATEL, (hereinafter "E. PATEL"); NARESH

PATEL, (hereinafter "N. PATEL"), and KANDACE PATEL, (hereinafter "K. PATEL") states as

follows:

**<u>INTRODUCTION</u>**

1.    This is an action to recover unpaid overtime and minimum wage compensation under

the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), as well

as minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida

Constitution and Florida Statutes §448.110.

## JURISDICTION

2.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and

28 U.S.C. §1331.  At all times pertinent to this Complaint, the corporate Defendants PARVATI,

PALI and PSP were enterprises engaged in interstate commerce.  At all times pertinent to this

Complaint, the corporate Defendants regularly owned and operated businesses engaged in

commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA,

29 U.S.C. §203(r) and 203(s).

3.     Defendants, PARVATI, PALI, PSP, J. PATEL, N. PATEL, E. PATEL and K.

PATEL operated three motels.  Plaintiff would perform work at those motels, and the work done

involved handling on a regular and recurrent basis, "goods" or "materials," as defined by the

FLSA, which were used commercially in Defendants' businesses, moved in interstate

commerce, and were manufactured outside the State of Florida.

4.     In addition to the Plaintiff, the Defendants employed at least two other employees

besides the Plaintiff who daily job duties involved, on a regular and recurrent basis, "goods" or

"materials," as defined by the FLSA, which were used commercially in Defendants' businesses,

moved in interstate commerce, and were manufactured outside the State of Florida.

5.     During the relevant time period, the Defendants' enterprise had an annual gross

volume of sales made or business done of not less than $500,000.00.

6.     The Defendants are subject to the jurisdiction of this Court because they engage in

substantial and not isolated activity within the Northern District of Florida.

7.    The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

## VENUE

8.    The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida, and;

    b.    Defendants were and continue to be corporations and individuals doing business within this judicial district.

## PARTIES

9.    At all times material hereto, Plaintiff,  PFORR was a resident of Pensacola, Escambia County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10.    At all times material hereto, Defendants, PARVATI, PALI, PSP, J. PATEL, N. PATEL, E. PATEL and K. PATEL were conducting business in Pensacola, Escambia County, Florida, with their principal places of business in that city.

11.    At all times material hereto, were the employers of Plaintiff, PFORR.

12.    At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

13.    At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, PFORR his lawfully earned wages in conformance with the FLSA and Florida law.

14.    Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, PARVATI was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, corporate Defendant, PALI was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, corporate Defendant, PSP was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, the work performed by Plaintiff, PFORR was directly essential to the business performed by Defendants.

19. Plaintiff, PFORR has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

20. On or about June 28, 2017, Plaintiff, PFORR began working for Defendants as a maintenance/repair worker and/or front desk person at the Defendants' motels.

21. Plaintiff, PFORR's employment ended on or about December 16, 2019.

22. Defendants paid Plaintiff, PFORR erratically, whatever amount deemed appropriate, and sometimes nothing for his work hours.

23. Plaintiff, PFORR was not paid time-and-one-half his regular hourly rate of pay for many hours in excess of forty in each week.

24. Instead of paying the Plaintiff a minimum hourly wage, Defendants paid Plaintiff, PFORR below the minimum wage in virtually every week of his employment.

25. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

26. Defendants, J. PATEL, N. PATEL, E. PATEL and K. PATEL were supervisors and/or manager/owners who were involved in the day-to-day operations of PARVATI, PALI, and PSP and were directly responsible for the supervision of Plaintiff.  Therefore, they are personally liable for the FLSA violations.

27. Defendants J. PATEL, N. PATEL, E. PATEL and K. PATEL were directly involved in decisions affecting employees' compensation and/or hours worked by Plaintiff, PFORR.

28. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.


**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

29. Plaintiff, PFORR reallege Paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff, PFORR's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

31. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

32. Plaintiff, PFORR were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

33. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.  Plaintiff,

PFORR, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

34.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, PFORR, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff, PFORR, of his rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, PFORR, is entitled to liquidated damages pursuant to the FLSA.

37. Due to the willful and unlawful acts of the Defendants, Plaintiff, PFORR, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

38.   Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, PFORR respectfully requests that judgment be entered in his favor against the Defendants:

a.      Declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

b.      Awarding Plaintiff overtime compensation in the amount calculated;

c.      Awarding Plaintiff liquidated damages in the amount calculated;

d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of

this litigation pursuant to 29 U.S.C. § 216(b);

e.      Awarding Plaintiff post-judgment interest; and

f.      Ordering any other relief this Court deems to be just and proper.

## COUNT II

## <u>VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)</u>

39.    Plaintiff, PFORR realleges Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

40.    Plaintiff employment with the Defendants was to consist of a normal workweek for which he was supposed to be compensated at or above the FLSA minimum wage.

41.    29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

42.    Plaintiff worked hours and weeks for the Defendants for which he was paid below the FLSA statutory minimum wage.

43.    Plaintiff, PFORR received no wages at all for many of his work hours.

44.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a.      judgment in his favor for all unpaid minimum wages due or payable;

b.      liquidated damages;

c.      attorney's fees and costs pursuant to the FLSA;

d.      post-judgment interest;

e.      all other and further relief this Court deems to be just and proper.

## COUNT III

## <u>VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION</u>

## <u>(FLORIDA MINIMUM WAGE AMENDMENT)</u>

45.   Plaintiff reallege Paragraphs 1 through 28 as if fully stated herein.

46.   Pursuant to Article X, Section 24 of the Florida Constitution Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

47.   During Plaintiff, PFORR's' employment, Defendants willfully paid him less than the statutory minimum wage for many of his work hours, since he received no wages at all for many of his work hours.

48.   WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a.   Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b.   Awarding Plaintiff all back wages due and owing;

c.   Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.   Awarding Plaintiff prejudgment and post-judgment interest;

f.   Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g.   Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  July 24, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
        PETER BOBER
        FBN:  0122955
        SAMARA BOBER
        FBN: 0156248